Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| JESÚS CASTRO CRUZ<br><br>Parte Recurrente<br><br>v.<br><br>MUNICIPIO DE CAGUAS<br><br>Parte Recurrida | TA2026RA00088 | *Revisión Judicial de Decisión Administrativa* procedente de la Comisión Apelativa del Servicio Público (CASP)<br><br>Querella núm.: SM-23-000031 |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Trigo Ferraiuoli, jueza ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de abril de 2026.

El **5 de marzo de 2026**, el recurrente, Jesús Castro Cruz, (Castro Cruz o recurrente), presentó *pro se* una *Revisión de Decisión Administrativa* ante esta Curia. De una lectura del recurso, surge que este solicita la revisión de una resolución parcial emitida por la Comisión Apelativa de Servicio Público (CASP). Sin embargo, el recurrente no incluyó el dictamen recurrido con su recurso[1]. A tales fines, ese mismo día emitimos una resolución en la que le concedimos un término de quince (15) días, conforme establece la la Regla 59(E)(2) de nuestro Reglamento[2], para completar el apéndice de su recurso y así poder auscultar nuestra jurisdicción.

Sin embargo, Castro Cruz no cumplió con nuestra resolución, sino que presentó una *Moción Informativa* en la que expresó que "ya en el pasado se han radicado otros documentos en [este] foro. Y en

---

[1] Como parte de su apéndice, el recurrente acompañó copia de la apelación que presentó ante la CASP (Apéndice 2), Moción para solicitar enmienda al anejo 1 y otros asuntos (Apéndice 3), y Decisión del Administrador (CFSE) sobre tratamiento médico (Apéndice 4). **No incluyó el Apéndice 1 (Resolución de la Honorable Comisión Apelativa para el caso SM-23-000031).**

[2] Véase, Regla 59(E)(2) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 85, 215 DPR __ (2025).

el legajo original se hace constar que así es"[3], por lo que este no incluyó copia de documento alguno que nos permita acreditar nuestra jurisdicción.

## II. Exposición del Derecho

### A. Jurisdicción

Los tribunales tenemos la obligación de ser los guardianes de nuestra propia jurisdicción. La doctrina prevaleciente establece que la ausencia de jurisdicción no puede ser subsanada, ni un tribunal asumirla, atribuírsela o arrogársela cuando no la tiene. *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976).

La Ley Núm. 201-2003, *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico*, según enmendada, 4 LPRA sec. 24 *et seq.*, establece en su Art. 4.006 que este Tribunal podrá revisar, mediante distintos recursos, las resoluciones, órdenes o sentencias emitidas por el Tribunal de Primera Instancia y los dictámenes emitidos por agencias administrativas. 4 LPRA sec. 24y.

No obstante, las normas que rigen el perfeccionamiento de todos los recursos apelativos deben observarse rigurosamente. *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013). Ello, ante la necesidad de colocar a los tribunales apelativos "en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tiene ante sí". *Id.*

De hecho, el Tribunal Supremo de Puerto Rico ha expresado que, de no observarse las disposiciones reglamentarias al respecto, nuestro ordenamiento autoriza la desestimación del recurso. *Pueblo v. Rivera Toro*, 173 DPR 137, 145 (2008). Sin embargo, ante la severidad de esta sanción, el Tribunal Supremo exige que nos aseguremos de que el incumplimiento con las disposiciones

---

[3] Véase, Entrada 3 SUMAC-TA.

reglamentarias aplicables haya provocado un impedimento real y meritorio para que podamos considerar el caso en los méritos. *Román et als. v. Román et als.*, 158 DPR 163, 167 (2002). Por ejemplo, "[u]n recurso que carece de un apéndice, con los documentos necesarios *para poner al tribunal en posición de resolver*, impide su consideración en los méritos". *Id.* (Bastardillas en el original).

Del mismo modo, el Tribunal Supremo ha puntualizado que el hecho de que las partes litigantes comparezcan por derecho propio, por sí solo, no justifica que ellas incumplan con las reglas procesales. Ello cobra mayor importancia en el caso de aquellas normas que establecen términos jurisdiccionales o de cumplimiento estricto. *Febles v. Romar,* 159 DPR 714, 722 (2003).

Por otro lado, la Regla 59 del Reglamento de este Tribunal de Apelaciones[4] enumera los requisitos que debe cumplir aquellos recursos que impugnan determinaciones administrativas. Entre estos, se exige la inclusión de: la cubierta; el epígrafe; la información de los abogados y las partes; la información del caso (relación fiel y concisa de los hechos); un índice; una discusión de los señalamientos de error y un apéndice, entre otros requisitos.

En cuanto al apéndice, este deberá contener, entre otros, copia de las alegaciones de las partes ante la agencia recurrida, la orden o resolución administrativa objeto del recurso de revisión, así como toda moción, resolución u orden necesaria para establecer la jurisdicción de este Tribunal o que sea pertinente para la controversia. El Tribunal podrá permitir, a petición del recurrente en el recurso, en moción o *motu proprio,* a la parte recurrente la presentación de los documentos a que se refiere el subinciso (1) con posterioridad a la fecha de presentación del recurso de revisión,

---

[4] Regla 59 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 83-87, 215 DPR __ (2025).

dentro de un término de quince (15) días contado a partir de la fecha de notificación de la resolución del tribunal que autoriza los documentos. La omisión de incluir los documentos del apéndice no será causa de desestimación del recurso.[5]

En ese sentido, la Regla 12.1 de nuestro Reglamento[6] dispone, además lo siguiente:

> Las disposiciones sobre los requisitos de notificación a las partes y al tribunal, y los de forma dispuestos en el Reglamento del Tribunal de Apelaciones, en las Reglas de Procedimiento Civil, en las Reglas de Procedimiento Criminal para los recursos de apelación, *certiorari* y de revisión judicial, deberán interpretarse de forma que se reduzcan al mínimo las desestimaciones de los recursos. **Por causa debidamente justificada, el Tribunal de Apelaciones deberá proveer una oportunidad razonable para la corrección de defectos de forma o notificación que no afecten los derechos de las partes.**

Por último, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones[7], nos permite desestimar un recurso de apelación o denegar un auto discrecional, a iniciativa propia, por los motivos consignados en el inciso (B) de la Regla 83. En específico, la Regla 83 (B) (3) provee para la desestimación de un pleito porque no se ha presentado o proseguido con diligencia o de buena fe.[8]

**III. Aplicación del Derecho a los Hechos**

El recurrente omitió presentar el dictamen recurrido, conforme requerido por la Regla 59(E) de nuestro Reglamento, *supra,* el cual es necesario para el perfeccionamiento del recurso y para así poder ejercer eficazmente nuestra función revisora. **Lo anterior, a pesar de que, le brindáramos oportunidad razonable para la corrección y perfeccionamiento de su recurso, conforme nos requiere la Regla 12.1 de nuestro Reglamento. De**

---

[5] *Íd.* Énfasis nuestro.
[6] Regla 12.1 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 22, 215 DPR __ (2025).
[7] Regla 83(C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 117, 215 DPR __ (2025).
[8] Regla 83(B)(3) del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. 117, 215 DPR __ (2025).

**hecho, en su moción informativa, este no acreditó causa debidamente justificada para su falta de diligencia en presentar el dictamen recurrido, a pesar de que le brindáramos la oportunidad para así hacerlo.** En efecto, este se limitó a expresar que ya "en el pasado se han radicado *otros documentos"* en este foro. Sin embargo, ni siquiera expresa cuáles documentos han sido presentados en este foro y si entre estos se encuentra la resolución objeto del presente recurso. Tampoco expresó los números de casos o fechas bajo los cuales se presentaron esos *otros documentos.* En fin, su incumplimiento de anejar la decisión recurrida impide que determinemos nuestra jurisdicción sobre el recurso y que se pueda atender su causa en los méritos para revisar la corrección del dictamen impugnado[9].

La obligación de perfeccionar un recurso, según lo exige la ley y el Reglamento del Tribunal de Apelaciones, le corresponde al recurrente. El hecho de que este comparezca por derecho propio, por sí solo, no justifica que incumpla con las reglas procesales. El incumplimiento Castro Cruz con nuestro Reglamento es tal, que ni siquiera nos colocó en posición de auscultar nuestra jurisdicción, **aun dándole oportunidad para ello.**

Ante el incumplimiento craso Castro Cruz con nuestra resolución, así como con las normas que regulan el perfeccionamiento de los recursos de revisión judicial establecidas en nuestro Reglamento, no nos queda otra alternativa que ordenar la desestimación del caso. Este Tribunal carece de jurisdicción para atender el reclamo del recurrente.

---

[9] Además, aun cuando el recurrente no proveyó copia del dictamen cuya revisión solicita, este expuso que recurre de una Resolución <u>Parcial</u>. Así, y conforme establece, el Artículo 4.006 de la Ley Núm. 201-2003, conocida como la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico*, y la sección 4.2 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017 (LPAU), según enmendada, nuestra revisión se limita a la revisión judicial de órdenes o resoluciones <u>finales</u> de la agencia. Valga resaltar que la sección 4.2 de la LPAU es clara, a los efectos de que las órdenes y resoluciones interlocutorias de una agencia no son revisables directamente; ello incluye "aquellas que se emitan en procesos que se desarrollen por etapas".

**IV. Parte Dispositiva**

Por los fundamentos que anteceden, este Tribunal desestima el recurso por falta de jurisdicción.

Notifíquese.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

**IV. Parte Dispositiva**

Por los fundamentos que anteceden, este Tribunal desestima el recurso por falta de jurisdicción.